a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BIPANJEET SINGH #A201-423-959,          CIVIL DOCKET NO. 1:20-CV-01172
Plaintiff                                                      SEC P

VERSUS                                                   JUDGE JOSEPH

LASALLE CORRECTIONAL CENTER    MAGISTRATE JUDGE PEREZ-MONTES
ET AL,
Defendants

---

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Amended Petition (ECF No. 10-2) filed by Petitioner Bipranjeet Singh (A#201423959) ("Singh"). Singh is a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE"). He is being detained at the Prairieland Detention Center in Alvarado, Texas. At the time of filing, he was detained at the LaSalle Correctional Center in Olla, Louisiana. ECF No. 10-1 at 2.

To determine whether Singh is being subjected to indefinite detention in violation of his constitutional rights, his Petition (ECF Nos. 1, 10-2) should be SERVED on the Government.

I.    Background

Singh is a native and citizen of India who was ordered removed in December 2019. ECF No. 10-1 at 1. Singh alleges that he has been in post-removal order detention since then, and his removal is unlikely to occur in the reasonably

1

foreseeable future.  ECF No. 10-2 at 1.  Thus, Singh alleges that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Singh was ordered to amend his Petition to allege why his removal is unlikely to occur in the reasonably foreseeable future.  ECF No. 6.  Counsel enrolled for Petitioner and filed an Amended Petition.  ECF Nos. 7, 10-2.  In the Amended Petition, counsel states that travel documents were previously issued for Singh, but he was unable to depart on two occasions because he tested positive for COVID-19.  ECF No. 10-1 at 5.  Singh's travel document expired in October 2020.  *See id.*  Singh is unaware of any steps taken to secure new travel documents.  *Id.*  Singh alleges that, due to the pandemic and the lack of a valid travel document, it is unlikely that he will be removed in the reasonably foreseeable future.  *Id.*

## II.    Service of Process

To determine whether Singh is entitled to relief:

THE CLERK IS DIRECTED to serve a summons, a copy of the Petition and Amended Petition (ECF Nos. 1, 10-2), and a copy of this Order, by certified mail, on the United States through the United States Attorney for the Western District of Louisiana, the United States Attorney General, DHS/ICE through its Director, and the warden of Prairieland Detention Center.

IT IS ORDERED that Respondents file an answer to the Petition and Amended Petition (ECF Nos. 1, 10-2) within 60 days following the date of service.  In the answer, Respondents shall provide the Court with summary judgment evidence indicating whether Petitioner's order of removal is final, whether there is a

significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law.

IT IS FURTHER ORDERED that Petitioner shall have 30 days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

All documentary exhibits MUST HAVE PROPERLY NUMBERED PAGES. An index describing each item attached to the response and showing each item's page number shall also be attached.

FINALLY, IT IS ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner and Respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Monday, December 7, 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE