a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| BIPANJEET SINGH #A201-423-959, Petitioner | CIVIL DOCKET NO. 1:20-CV-01172 SEC P |
| VERSUS | JUDGE JOSEPH |
| LASALLE CORRECTIONAL CENTER ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Amended Petition (ECF No. 10-2) filed by Petitioner Bipanjeet Singh (A#201423959) ("Singh"). At the time of filing, Singh was a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE"), housed at the LaSalle Correctional Center in Olla, Louisiana. ECF No. 10-1 at 2. Singh challenged his continued detention.

Because Singh has been removed from the United States, his Petition (ECF Nos. 1, 10-2) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Singh is a native and citizen of India who was ordered removed in December 2019. ECF No. 10-1 at 1. Singh alleges that he has been in post-removal order detention since then, and his removal is unlikely to occur in the reasonably foreseeable future due, in part, to the coronavirus pandemic. ECF No. 10-2 at 1, 5.

1

Counsel for Singh recently filed an "Update to the Court" (ECF No. 17) indicating that Singh had likely been removed. The Court has confirmed with the office of the United States Attorney for the Western District of Louisiana that Singh was deported.

## II.   Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Singh has been removed, the § 2241 Petition is moot. *See Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North*

*Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. <u>Conclusion</u>

Because Singh is no longer in ICE custody, IT IS RECOMMENDED that his Petition for Writ of Habeas Corpus (ECF No. 1) and Amended Petition (ECF No. 10) be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, December 29, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE